UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-5089

IN RE: SEALED CASE

APPELLEE'S MOTION TO SUPPLEMENT APPENDIX AND TO ACCEPT EX PARTE FILINGS

Pursuant to Fed. R. App. P. 27(a) and District of Columbia Circuit Rule 30(e), the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court accept for filing the following materials:

1) Sealed Supplemental Appendix for Appellee;

2) Ex Parte Sealed Supplemental Appendix for Appellee;

3) Redacted Brief for Appellee;

4) Ex Parte Brief for Appellee.

The grounds for this motion are as follows. This is an appeal from the district court's denial of X Corp.'s motion to vacate or modify a nondisclosure order. The district court proceedings were conducted under seal and, at this time, this appeal is proceeding entirely under seal. *See*

D.C. Cir. R. 47.1(a) ("Any portion of the record that was placed under seal in the district court or before an agency remains under seal in this court unless otherwise ordered."). Additionally, the district court considered certain materials on an in camera, ex parte basis. The district court thus permitted the government to serve redacted filings upon X and to provide the court with unredacted materials.

The government moves this Court to proceed in the same fashion on appeal. In that regard, it asks the Court to accept for filing the Sealed Supplemental Appendix for Appellee, which contains materials from the district court proceedings that were not submitted ex parte. *See generally* D.C. Cir. R. 30(e) ("If anything material to the appeal . . . is omitted from the appendix, the clerk, on the duly served and filed written request of any party, may allow the appendix to be supplemented."). The government is serving the Sealed Supplemental Appendix on X Corp. together with this motion. The government requests that the appendix be supplemented to include these materials.

The government also asks the Court to accept for filing the Ex Parte Sealed Supplemental Appendix for Appellee, which contains materials that were submitted ex parte before the district court. This Court has

recently considered similar ex parte materials in an appeal likewise challenging a district court's denial of a motion to vacate or modify a nondisclosure order. *See In re Sealed Case*, No. 23-5044, 77 F.4th 815, 831 (D.C. Cir. 2023) ("*Ex parte* submissions reviewed by this court supported the district court's finding that disclosure would have harmed the integrity and secrecy of the ongoing grand jury investigation, despite public knowledge of the broader investigation."). The government requests that the appendix also be supplemented to include these materials, although on an ex parte basis.

Additionally, the government also asks the Court to accept for filing a Redacted Brief for Appellee, which it is serving on X together with this motion, and an Ex Parte Brief for Appellee, which it is not. The redacted version of the government's brief omits descriptions of and quotes from the ex parte materials considered by the district court and included in the government's Ex Parte Sealed Supplemental Appendix.

The undersigned has contacted X Corp.'s counsel, Ari Holtzblatt, Esq., who has asked the government to include the following statement of X's position: "X Corp. opposes the government's ex parte submissions in the D.C. Circuit. In addition to the reasons set forth in X Corp.'s

opening brief, the government has not explained why it continues to need to withhold materials from X Corp. now that the government has vacated the NDO and permitted X Corp. to inform its users of the subpoena. In addition, X Corp. opposes the government's request to file under seal now that the NDO has been vacated, and for that reason, X Corp. is filing a motion with the district court to unseal the district court docket and the parties' district court filings."

In response, the government notes that one of the challenges X raises on appeal is the district court's denial of its request for access to the ex parte materials (see Brief for Appellant X Corp. at 37-50). Were the Court to require the government to provide X with those materials now, it effectively would be deciding an issue raised by this appeal. And the fact that the nondisclosure order at issue has been vacated does not eliminate the need for ongoing grand jury secrecy. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979) ("[T]he interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities."). For example, "by preserving the secrecy of the proceedings, [the court] assure[s] that persons who are accused but exonerated by the grand jury will not be held up to public

ridicule." *Id.* at 219. And, "in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Id.* at 222. Thus, at this time, it is appropriate for the Court to accept for filing the government's sealed materials as well as ex parte materials that the district court declined to provide to X.

The government recognizes that it will not be necessary to keep the entirety of this appeal under seal in perpetuity. However, some materials may need to remain under seal in order to protect grand jury secrecy or other privacy interests. *See, e.g.*, *In re Sealed Case*, No. 23-5044, 77 F.4th at 821 n.\* (in case where nondisclosure order had been vacated: "Portions of this opinion contain Sealed Information, which has been redacted."); *In re Subpoena 2018R00776*, 947 F.3d 148, 151 n.2 (3d Cir. 2020) ("To maintain the secrecy of the investigation, we will refer to the facts in general terms and will use for the corporation the fictitious name of 'ABC Corp.'"); *In re Grand Jury Subpoena*, 912 F.3d 623, 626 (D.C. Cir. 2019) ("The grand jury seeks information from a corporation ('the Corporation') owned by Country A and issued a subpoena directing the Corporation to

produce that information. [TEXT REDACTED BY THE COURT]."). Given X's stated intent to move the district court to unseal the docket and the parties' filings, the government believes the appropriate course is to allow that court to make the first determination as to what materials may be unsealed without compromising a need for ongoing grand jury secrecy. *See* D.C. Cir. R. 47.1(c) ("On appeals from the district court, the motion [to unseal] will ordinarily be referred to the district court, and, if necessary, the record remanded for that purpose"). X can then move this Court to unseal the appropriate portions of the record. *See id.* In the interim, the government should be allowed to file its brief and appendices under seal. *See id.* ("Unless otherwise ordered, the pendency of a motion [to unseal] under this rule will not delay the filing of any brief under any scheduling order.").

## CONCLUSION

WHEREFORE, the government respectfully requests that the instant motion be granted.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

CHRISELLEN R. KOLB
DANIEL J. LENERZ
Assistant United States Attorneys

/s/
DANIEL J. LENERZ
DC Bar #888283905
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, DC 20530
Daniel.Lenerz@usdoj.gov
(202) 252-6829

# Certificate of Service

I HEREBY CERTIFY that I have caused a copy of the foregoing Motion to Supplement Appendix and to Accept Ex Parte Filings to be served by email upon counsel for appellant, Ari Holtzblatt, Esq., WILMER CUTLER PICKERING HALE AND DORR, 2100 Pennsylvania Ave. NW, Washington, D.C. 20037, on this 12th day of July, 2024.

/s/
DANIEL J. LENERZ
Assistant United States Attorney

# Certificate of Compliance with Rule 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing opposition contains 1,160 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
DANIEL J. LENERZ
Assistant United States Attorney