FILED UNDER SEAL

[ORAL ARGUMENT NOT YET SCHEDULED]

No. 24-5089

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

IN RE: SEALED CASE

**X CORP.'S OPPOSITION TO APPELLEE'S MOTION TO ACCEPT EX PARTE FILINGS**

The Court should deny the government's request to file *ex parte* materials upon which they seek to rely. On June 14, 2024, at the government's request, a magistrate judge vacated the non-disclosure order that is the subject of this appeal. X then duly notified the operators of the two accounts targeted by the government of the subpoena. These post-appeal developments nullify whatever rationales may have justified reliance on *ex parte* materials in the district court. Indeed, the rationale the government identifies in its motion—public ridicule of past targets of the investigation—makes no sense because X seeks access only for itself (or even just its counsel) in a sealed proceeding. Public access to these materials, and thus any risk of public ridicule, is not at issue. Conversely, depriving X of access to facts and argument on which the government heavily relies impedes X's ability to pursue this appeal and thus imposes new, distinct harms to X's due process

1

interests. X therefore requests that the Court deny the government's motion and permit X access to all materials relied upon by the government no later than August 16, 2024 (which is one week prior to X's August 23 deadline for filing its reply brief in this appeal).

I.   **The Government Lacks A Compelling Interest In Secrecy That Warrants The Use Of *Ex Parte* Submissions**

"[*E*]*x parte* submissions 'generally deprive one party to a proceeding of a full opportunity to be heard on an issue,' and thus should only be used where a compelling interest exists." *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1075 (D.C. Cir. 1998) (internal quotation marks and citation omitted). The sole interest the government identifies is a purported "need for ongoing grand jury secrecy," and it argues that because it was permitted to submit *ex parte* materials based on that interest in the district court, it should be permitted to do so on appeal as well. Mot. 2, 4. But "the invocation of grand jury interests is not 'some talisman that dissolves all constitutional protections.'" *Butterworth v. Smith*, 494 U.S. 624, 630 (1990). Grand jury secrecy serves specific interests: "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated." *McKeever v. Barr*, 920 F.3d 842, 844 (D.C. Cir. 2019) (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979)). The district court determined

that *ex parte* treatment served these interests based on the facts and circumstances that existed at the time the court issued its ruling in March 2024. Even setting aside the errors in that determination (*see* X Opening Appellate Br. 37-50), the government cannot claim that the same justifications apply with equal force because the underlying facts and circumstances have changed.

Since entry of the district court order (and since X filed its opening brief) the government voluntarily sought, and a magistrate judge ordered, vacatur of the non-disclosure order that prompted this action, and X has since informed the targeted users about the subpoena. While the government has not disclosed the reasons for moving to vacate the non-disclosure order, it appears that the government did so either because the grand jury investigation has ceased or because the targets have now learned of the investigation. The government notes that it sought vacatur of the nondisclosure "consistent with" a representation that it had made in its initial application (which remains unavailable to X)—presumably that the government would seek vacatur of the nondisclosure order in the event that the grand jury's investigation terminated or the targets learned of the investigation before the Order's expiration date. U.S. Appellate Br. 27-28. The possibility that the investigation has been terminated is further supported by the government's repeated use of the past tense when discussing the grand jury investigation and the bases for its *ex parte* approach at the district court. The government notes, for

example, that "the investigation *was* 'ongoing' *at the time*" of the district court's order, U.S. Appellate Br. 55 (emphasis added), that "continued secrecy *was* thus necessary *at the time the district court declined X's request for access*," U.S. Appellate Br. 56 (emphasis added), and that "[t]here *were* thus compelling reasons for continued secrecy here," U.S. Appellate Br. 57 (emphasis added).

This material change in circumstances upsets the balance that was struck at the district court and eliminates any continuing need for the government to rely on *ex parte* materials. *See In re Grand Jury*, 490 F.3d 978, 987 (D.C. Cir. 2007) (where a party asserts a due process right to access materials that the government asserts are shielded by Rule 6(e), the court "must weigh the competing interests of the Government and" the party seeking disclosure). The government cannot simply rely on the fact that it proceeded *ex parte* at the district court to justify proceeding *ex parte* on appeal.

Moreover, in view of the changed circumstances, the government cannot demonstrate that any of the interests that the grand jury secrecy rules are designed to protect would be imperiled by provision of materials to X in this sealed proceeding. The government's primary argument is that disclosure would expose the targets of the investigation to "public ridicule." Mot. 4-5. That makes no sense. X seeks access to the materials in a sealed proceeding, and if necessary, disclosure can be limited to X's counsel. The government has never suggested that

4

counsel cannot be trusted to abide by the sealing order. Accordingly, there is no risk of public ridicule.

The government also argues that the court must consider "possible" impacts on "future grand juries." Mot. 5. The Supreme Court has explained that, "in considering the effects of disclosure on [future] grand jury proceedings, the courts must consider" whether disclosure would render witnesses less willing to candidly testify out of a concern that "their testimony may one day be disclosed to outside parties" and the accompanying "[f]ear of future retribution or social stigma." *Douglas Oil Co.*, 441 U.S. at 222. Those concerns were triggered in *Douglas Oil* by potential disclosure of highly detailed grand jury transcripts and were "heightened" because the "witness [was] an employee of a company under investigation." *Id.* But the government has not shown that there is any reason to fear those impacts here. X seeks only limited disclosure of *ex parte* materials to itself (or even just its attorneys) in a sealed proceeding. X is not under investigation and there is no plausible claim that it might retaliate against any grand jury witness who might be identified. And the government has never suggested that even some (let alone all) of its *ex parte* materials contain grand jury

transcripts or would reveal the identity of any grand jury witness or target who is not already known to X (such as the operators of the target accounts).[1]

The government has waived reliance on any other rationale for submitting materials *ex parte*. But waiver aside, other rationales would be unavailing. There is no need to avoid "the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against [the] indictment," given that X seeks materials in a sealed proceeding (not public disclosure) and, in any event, the targeted users have already been notified of the subpoena. *See Douglas Oil Co.*, 441 U.S. at 219. Furthermore, there is no ground for the government to assert that providing the government's *ex parte* materials to X in this sealed matter would create hesitancy to testify amongst potential grand jury witnesses or cause any witnesses to "be less likely to testify fully and frankly," because there apparently is no longer an ongoing grand jury investigation in which those potential witnesses may testify. *See id.* And even if the investigation continues, the government cannot explain how disclosure in a sealed proceeding would incrementally threaten

---

[1] X Corp. has separately moved to unseal certain filings in the district court but that motion does not seek to unseal the *ex parte* materials that were submitted below and so is irrelevant to the issues presented in this motion. But to the extent unsealing matters, the solution is to use targeted redactions to prevent any potential negative impacts on future grand juries. *See In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1133 (D.C. Cir. 2020) (explaining that a court has flexibility as to the "manner" of unsealing and may require redactions to preserve material covered by grand jury secrecy).

this interest, especially now that X has permissibly informed its users of the subpoena.

The government also argues that providing X these materials now would effectively "decid[e] an issue raised by this appeal." Mot. 4. That is incorrect. What remains to be decided in this appeal (as relevant to this motion) is the recurring question of whether and to what extent the government may rely on *ex parte* evidence when defending against a challenge to a § 2705(b) nondisclosure order at a time when the order remains in place and a grand jury investigation is ongoing. *See* U.S. Appellate Br. xii. That recurring question is different than the question presented in this motion, which is whether the government may continue to rely on *ex parte* evidence even after the nondisclosure order has been vacated, the grand jury investigation is over or is no longer secret, and the evidence will be disclosed under seal and potentially limited to counsel.

Our adversarial system demands that each side have a full and fair opportunity to respond to evidence and argument presented by the other, absent rare and compelling circumstances. The mere mention of grand jury secrecy does not entitle the government to hide its materials from the other side regardless of whether doing so is necessary to advance any real compelling interest. Here, there is no longer any real justification for the government to submit materials *ex parte*,

let alone a justification compelling enough to overcome the presumption in favor of disclosure.

## II. Permitting The Government To Proceed *Ex Parte* Will Injure X

Permitting the government to rely on *ex parte* materials in this proceeding will not merely, as the government seems to suggest, preserve the status quo from the district court. Instead, it will impose a new, distinct burden on X's due process rights because it will impede X's ability to effectively litigate this appeal.

The government's opposition appellate brief is replete with redacted references to the *ex parte* materials. *See, e.g.*, U.S. Appellate Br. 8-13. The government relies on *ex parte* evidence for its arguments regarding the legality of omnibus nondisclosure orders, *see* U.S. Appellate Br. 40, and to support its use of *ex parte* materials in the district court, *see* U.S. Appellate Br. 48. Heavy redaction allows the government to obscure key portions of these arguments. For example, X argued in its opening brief that the district court erred by allowing the government to redact copious information that had never been presented to a grand jury and that would not reveal any matter before the grand jury, including because some of that evidence was—by the court's own description—"public" information. X Opening Appellate Br. 43. In response, the government first accuses X of "misread[ing]" the district court's opinion (U.S. Appellate Br. 51)—a claim that X cannot fairly respond to because the government's submissions continue to be

8

withheld from X and thus X is unsure whether, and to what extent, those submissions contain public or non-public information. Then after having suggested there was no public information, the government coyly implies that perhaps "some" of its *ex parte* material may be "publicly known," before arguing that disclosing that public information would still reveal grand jury matters. U.S. Appellate Br. 52. How can X respond to such claims without seeing the information at issue and assessing how the government used it? Is there public information or isn't there? How was it used? Does it appear only in the government's application (in which case it would reveal no new grand jury matter) or was it presented to the grand jury?

As a further example, the government notes that "[a]lthough [its] requested nondisclosure order would apply to multiple grand jury subpoenas,"—the precise omnibus issue that is at the heart of this case—"the government's application" supposedly contained an explanation that alleviates any concerns with that omnibus approach. U.S. Appellate Br. 11. What that explanation was and whether it should alleviate those concerns are entirely unknown to X as the government redacts the remainder of that sentence, paragraph, and section of its brief, and continues to withhold the application from X and its proffered facts. *See* U.S. Appellate Br. 11-13, 40-41.

Due process does not permit the government to deprive X of adversarial adjudication of its statutory and constitutional claims by obscuring the substance of the government's arguments. *See* X Opening Appellate Br. 37-50.

### III. The Court Can Defer Addressing Unsealing Until After The District Court Has Ruled On X's Pending Motion To Unseal

On July 17, 2024, X moved to unseal the docket and all filings (except for the government's *ex parte* submissions) below. The district court's consideration of that motion does not affect the dispute in this Court, as X's motion in the district court does not seek to unseal any materials that were submitted *ex parte*. *See supra* n.1. X agrees with the government that this Court can defer any decision about whether to unseal filings or materials in this Court until the district court first rules on X's unsealing motion. *See* Mot. at 6.

\* \* \*

For these reasons, this court should deny the government's request to submit *ex parte* filings and permit X access to all materials relied upon by the government. Alternatively, the court should order the government to disclose any *ex parte* materials for which the government fails to demonstrate harm to an open grand jury investigation in light of the changed circumstances presented on appeal. X requests that the government be ordered to disclose these materials no later than August 16, 2023, so that X has time to address the materials in its reply brief, which is currently due on August 23.

**FILED UNDER SEAL**

                                                Respectfully submitted,

                                                /s/ *Ari Holtzblatt*

| | |
|---|---|
| GEORGE P. VARGHESE | ARI HOLTZBLATT |
| WILLIAM C. DARIO | BENJAMIN POWELL |
| WILMER CUTLER PICKERING | MICHAELA WILKES KLEIN |
|    HALE AND DORR LLP | JEREMY W. BRINSTER |
| 60 State Street | WILMER CUTLER PICKERING |
| Boston, MA 02109 |    HALE AND DORR LLP |
| (617) 526-6000 | 2100 Pennsylvania Ave., NW |
| | Washington, DC 20037 |
| EMILY BARNET | (202) 663-6000 |
| WILMER CUTLER PICKERING | |
|    HALE AND DORR LLP | |
| 7 World Trade Center | |
| 250 Greenwich Street | |
| New York, NY 10007 | |
| (212) 230-8800 | |

July 22, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2024, I caused the foregoing Opposition to Appellee's Motion to Accept Ex Parte Filings to be served by email upon:

Daniel J. Lenerz
Assistant United States Attorney
601 D Street N.W. Room #6.232
Washington, DC 20530
Tel: (202) 252-6829
Daniel.Lenerz@usdoj.gov

/s/ *Ari Holtzblatt*
ARI HOLTZBLATT
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363
ari.holtzblatt@wilmerhale.com