UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 24-5089

———————————

IN RE: SEALED CASE

## APPELLEE'S REPLY IN SUPPORT OF MOTION TO SUPPLEMENT APPENDIX AND TO ACCEPT EX PARTE FILINGS

After reviewing the parties' submissions below, including X Corp.'s motion challenging the government's reliance on ex parte materials, the district court concluded "that *in camera* review of the Government's *ex parte* submission [wa]s the most appropriate – perhaps the only – means of protecting grand-jury secrecy" (Sealed Joint Appendix 72). The court thus denied X access to those materials, a ruling X challenges on appeal (see Brief for Appellant X Corp. at 37-50). Consistent with the district court's ruling, when the government filed its brief in this case, it provided this Court with an unredacted version and served upon X a version that redacted quotations and details from the ex parte materials submitted to the district court. The government also sought to supplement the appendix with those ex parte materials, a filing it likewise did not provide

to X. As the government noted in its motion to supplement the appendix, this Court has recently considered ex parte materials in a similar appeal by X challenging a district court's denial of a motion to vacate or modify a nondisclosure order. *See In re Sealed Case*, No. 23-5044, 77 F.4th 815, 831 (D.C. Cir. 2023) ("*Ex parte* submissions reviewed by this court supported the district court's finding that disclosure would have harmed the integrity and secrecy of the ongoing grand jury investigation, despite public knowledge of the broader investigation.").

X opposes the government's motion seeking to maintain the secrecy of the materials considered ex parte by the district court, claiming that, because the nondisclosure order at issue has been vacated and X has notified the account owners of the existence of the government's subpoena, "[t]hese post-appeal developments nullify whatever rationales may have justified reliance on *ex parte* materials in the district court" (X Corp.'s Opposition to Appellee's Motion to Accept Ex Parte Filings (Opposition or Opp.) at 1).[1]

---

[1] This Court implicitly rejected that conclusion in *Sealed Case*. There, the nondisclosure order had "been modified to remove the provision that [X] challenge[d] — *i.e.,* the prohibition against [X] communicating about the

(continued . . .)

Many of the arguments set forth in the government's brief defending the district court's denial of X's request for disclosure of the ex parte materials (see Redacted Brief for Appellee at 54-57) apply equally here.[2] The Supreme Court "consistently ha[s] recognized that the proper functioning of our grand jury system depends upon the secrecy of the grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Nw.*. 441 U.S. 211, 218 (1979). "That secrecy safeguards vital interests in (1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect

---

warrant with the account holder." *Sealed Case*, No. 23-5044, 77 F.4th at 826. The Court nonetheless allowed the government to rely upon ex parte materials. *Id.* at 831.

[2] Indeed, given the considerable overlap between the issues on appeal and those raised by X's opposition to the government's motion to file ex parte materials with this Court—such as the correct legal standard to apply, the weight to assign X's interest in the ex parte materials, and the strength of the government's interest in grand jury secrecy—requiring disclosure of the ex parte materials now would effectively decide an issue raised by this appeal even if the issues are, in theory, conceptually distinct (see Opp. at 7).

who might later be exonerated." *McKeever v. Barr*, 920 F.3d 842, 844 (D.C. Cir. 2019).

The secrecy of grand jury proceedings "is today preserved through [Federal Rule of Criminal Procedure] 6(e)." *In re Motions of Down Jones & Co.*, 142 F.3d 496, 500 (D.C. Cir. 1998). Rule 6(e) prohibits certain persons from "disclos[ing] a matter occurring before the grand jury[.]" Fed. R. Crim. P. 6(e)(2)(B). A matter occurring before the grand jury "includes not only what has occurred and what is occurring, but also what is likely to occur." *In re Motions of Down Jones & Co.*, 142 F.3d at 500. "Encompassed within the rule of secrecy are 'the identities of witnesses or jurors, the substance of testimony' as well as actual transcripts, 'the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.'" *Id.* (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)); *see also Lopez v. Dep't of Justice*, 393 F.3d 1345, 1350 (D.C. Cir. 2005) (finding that grand jury subpoenas were subject to Rule 6(e) protection "[b]ecause the evidence and testimony subpoenaed is that which is intended to be used by the grand jury, the subpoenas and the dates on which they are issued tend to reveal the direction of the relevant investigation").

Here, X cannot credibly claim that the ex parte materials are not covered by Rule 6(e), as those documents were filed ex parte precisely because they would reveal actions the grand jury took to "summon witnesses and documents," *In re Motions of Dow Jones & Co.*, 142 F.3d at 498, and "would reveal something about the grand jury's identity, investigation, or deliberation." *Labow v. U.S. Dep't of Justice*, 831 F.3d 523, 529 (D.C. Cir. 2016).

Courts have no inherent authority to disclose grand jury matters. *See McKeever*, 920 F.3d at 844. Instead, a court may only do so if one of the exceptions set forth in Rule 6(e) applies. *Id.* Here, the relevant exception is Rule 6(e)(3)(C)(i), which states that a court may direct disclosure "preliminary to or in connection with a judicial proceeding." This exception "require[s] a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g*, 463 U.S. 418, 443 (1983). "Parties seeking such material must show 'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *In re Sealed Case*,

No. 98-3077, 151 F.3d 1059, 1074 n.16 (D.C. Cir. 1998) (quoting *Douglas Oil*, 441 U.S. at 222).

For the same reasons X did not need to review the ex parte materials "to avoid a possible injustice" in the district court (see Redacted Brief for Appellee at 54-55), it does not need them for that purpose here. The majority of the government's arguments on appeal barely reference redacted materials, much less rely on them. For example, the government's argument about the validity of multiple subpoena, multiple provider nondisclosure orders contains only one redaction that is a half-sentence in length and is used as a concrete example of a broader point (*id.* at 40). Its argument that the district court did not abuse its discretion when denying X access to ex parte materials likewise relies minimally on redacted material (*id.* at 48, 56), much of which is merely specific quotations from the application for a nondisclosure order that the government used as parenthetical support for more general assertions (e.g., *id.* at 48 ("[e]lsewhere in the application, the government identified the statute the targets may have violated (SSA1[REDACTED]")), the potential length of the investigation (SSA6[REDACTED]))"). The government's mootness argument about X's fact-specific challenge to the

6

nondisclosure order likewise does not depend on any ex parte materials (*id.* at 60-61). And while the government's argument that its application for a nondisclosure order made a sufficient showing to establish the statutorily required criteria necessarily depends on ex parte materials from that application (*id.* at 61-62), the government's brief explains why X does not need access to those materials to avoid a possible injustice (*id.* at 54-55). Moreover, if the government's mootness argument is correct, X will suffer no harm whatsoever from an inability to review the ex parte materials.

Contrary to X's assertion, it does not need ex parte information to respond to the government's argument that X misreads the district court's order (Opp. at 8-9). That order is unredacted, and thus X can fully respond to the government's argument, which is based on the plain text of the order (see Redacted Brief for Appellee at 51-52). Likewise, X can respond to the government's argument that, in theory, even otherwise public information is subject to grand jury secrecy if it reveals the direction of the grand jury's investigation (Br. at 52-53) without access to the specific information contained in the government's application for a nondisclosure order (see Opp. at 9). The government's argument in that

regard is a legal one, and does not depend on the particular facts contained in the ex parte application.

As for the need for continued secrecy, X's opposition relies on its assumption that the underlying grand jury investigation has terminated (Opp. at 3-4). Even if that were the case, grand jury "secrecy rules do not cease to apply when a grand jury ends its investigation, even if there is no indictment." *In re Grand Jury Subpoenas*, 472 F.3d 990, 998 (8th Cir. 2007); *see also Douglas Oil*, 441 U.S. at 222 ("the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities"). As the Supreme Court has recognized, "[e]ven after the conclusion of a particular grand jury's investigation, continued secrecy protects the reputations of the innocent and safeguards witnesses from possible retaliation. In addition, stringent protection of the secrecy of completed grand jury investigations may be necessary to encourage persons to testify fully and freely before future grand juries." *Illinois v. Abbott & Assocs.*, 460 U.S. 557, 566 n.11 (1983). Thus, "in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand

jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil*, 441 U.S. at 222.

Here, the government's application for a nondisclosure order—which it asks the Court to consider ex parte—identified who the grand jury was investigating and specific facts underlying their potential crimes (Ex Parte Sealed Supplemental Appendix at 3-4). The government's opposition to X's motion to vacate the nondisclosure order—which it submitted to the Court ex parte—proffered additional facts underlying the targets' potential crimes (*id.* at 16-17). Assuming the grand jury has concluded its investigation without issuing an indictment, ongoing secrecy remains necessary to "protect[ ] the reputations of the innocent," *Abbott & Assocs.*, 460 U.S. at 566 n.11, and to "assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule," *Douglas Oil*, 441 U.S. at 219. *See generally In re Grand Jury Subponea (Miller)*, 438 F.3d 1138, 1141 (D.C. Cir. 2006) (maintaining secrecy of materials that "worse still" could "damage the reputations of individuals who may never be charged with crimes"). Ongoing secrecy also ensures that "grand jurors will not be intimidated in the execution of their duties by the fear of unjustified public criticism

[for failing to issue an indictment] to which they cannot respond." *Butterworth v. Smith*, 494 U.S. 624, 636 (1990) (Scalia, J., concurring).

It is no answer that "X seeks only limited disclosure of ex parte materials to itself (or even just its attorneys) in a sealed proceeding" (Opp. at 5). First, X is seeking to unseal materials in the district court as a first step to unsealing filings or materials in this Court (*id.* at 10). Second, the Supreme Court has never suggested that limiting disclosure to a corporation and its attorneys somehow protects an individual's interest in protecting his or her reputation or the broader interest in grand jury secrecy. A person has an interest in protecting his reputation regardless how widely allegations of his criminal conduct are spread. And, more generally, "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil*, 441 U.S. at 218. Were disclosure the norm simply because an investigation has closed, even if that disclosure was limited, it would undermine "the functioning of future grand juries." *Id.* at 222; *see generally United States v. Rutherford*, 509 F.3d 791, 795 (6th Cir. 2007) ("It has long been recognized that grand juries require a generous zone of secrecy in order to perform their investigative functions."). Regardless of whether the ex

parte materials in this particular case "reveal the identity of any grand jury witness or target who is not already known to X" (Opp. at 6), were post-investigation disclosure common, it would undermine the "distinct interests served by safeguarding the confidentiality of grand jury proceedings": "if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements." *Douglas Oil*, 441 U.S. at 218-19. As numerous courts have recognized, these "important state interests remain 'even after the term of the grand jury has expired.'" *Henry v. Attorney Gen. of Ala.*, 45 F.4th 1272, 1286 (11th Cir. 2022) (quoting *Butterworth*, 494 U.S. at 636 (Scalia, J., concurring)).

## Conclusion

WHEREFORE, the government respectfully requests that its motion to supplement appendix and accept ex parte filings be granted.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      United States Attorney

                                      CHRISELLEN R. KOLB
                                      DANIEL J. LENERZ
                                      Assistant United States Attorneys

                                                  /s/
                                      DANIEL J. LENERZ
                                      DC Bar #888283905
                                      Assistant United States Attorney
                                      601 D Street, NW, Room 6.232
                                      Washington, DC 20530
                                      Daniel.Lenerz@usdoj.gov
                                      (202) 252-6829

# Certificate of Service

I HEREBY CERTIFY that I have caused a copy of the foregoing Reply in Support of Motion to Supplement Appendix and to Accept Ex Parte Filings to be served by email upon counsel for appellant, Ari Holtzblatt, Esq., Wilmer Cutler Pickering Hale and Dorr, 2100 Pennsylvania Ave. NW, Washington, D.C. 20037, on this 26th day of July, 2024.

/s/
Daniel J. Lenerz
Assistant United States Attorney

# Certificate of Compliance with Rule 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing opposition contains 2,226 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
Daniel J. Lenerz
Assistant United States Attorney